IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TORY ALEXANDER McCONAHIE,      )
     )
    Plaintiff,      )
     )    NO. 3:22-cv-00915
v.      )
     )    JUDGE RICHARDSON
CITY OF WAVERLY, TENN., et al.,      )
     )
    Defendants.      )

**MEMORANDUM OPINION**

Plaintiff Tory Alexander McConahie, an inmate at the Humphreys County Jail in Waverly, Tennessee, filed a pro se civil rights complaint (Doc. No. 1), a motion to appoint counsel (Doc. No. 4), and an application to proceed as a pauper. (Doc. No. 6.) This case is before the Court for initial review of the Complaint and a ruling on the pending motions.

I.     **Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application is accompanied by a certified copy of his inmate trust account statement, as required by statute. (Doc. No. 6 at 3–6); 28 U.S.C. § 1915(a)(2). This application reflects that Plaintiff does not have sufficient funds to pay the full filing fee in advance. (*See* Doc. No. 6 at 3 (showing spendable balance of $0 in Plaintiff's trust account).) Accordingly, Plaintiff's application will be granted, and he will be assessed the $350.00 filing fee. 28 U.S.C. § 1915(b).

II.     **Initial Review**

The Court must review and dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. And because Plaintiff is representing himself, the Court must

hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Allegations

Plaintiff alleges that, on February 10, 2021, he was in an automobile collision that resulted in the death of two people. (Doc. No. 1 at 5.) Plaintiff allegedly broke his left clavicle and five ribs, and he has experienced pain and depression since the collision. (*Id.*) He alleges that this collision is attributable to acts of negligence by officers for the Humphreys County Sheriff's Department and City of Waverly, including pursuing Plaintiff for 30 miles at high speeds and failing to block the intersection where the collision occurred. (Doc. No. 1-1 at 1.) Plaintiff is seemingly facing criminal charges related to this incident, as he complains of facing a trial that has been continued multiple times and not being offered a plea agreement. (Doc. No. 1 at 5.)

### B. Legal Standard

On initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### C. Analysis

Plaintiff asserts two claims: Claim One is brought under the Tennessee Governmental Tort Liability Act (TGTLA), Tenn. Code Ann. § 29-20-101, et seq. (Doc. No. 1-1 at 1); and Claim Two

is brought under a federal statute concerning speedy trials, 42 U.S.C. § 1992.[1] Because Claim Two is not a cognizable ground for relief under federal law, the Court declines to exercise supplemental jurisdiction over Claim One.

### 1.    Speedy Trial Claim

The statute cited by Plaintiff in support of his speedy trial claim does not provide for an independent cause of action. *See Vega v. Daniels*, No. 1:07-cv-01193-OWW-WMW (PC), 2009 WL 80434, at *9 (E.D. Cal. Jan. 13, 2009) (holding that a plaintiff could not state a cognizable claim under 42 U.S.C. § 1992). Regardless of the cited statute, moreover, a federal civil rights case is not the proper vehicle for a state pretrial detainee to raise a speedy trial claim.

In federal court, there are "two main avenues to relief on complaints related to imprisonment:" a habeas corpus petition, and a complaint brought under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). A challenge "to the validity of any confinement or to particulars affecting its duration" must be raised in a habeas petition. *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Section 1983, on the other hand, is typically used to "challenge the conditions of a prisoner's confinement." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Muhammad*, 540 U.S. at 750; *Preiser*, 411 U.S. at 498–99).

A detainee's speedy trial claim is a challenge to the fact or duration of confinement. *See Betterman v. Montana*, 578 U.S. 437, 444 (2016) ("The sole remedy for a violation of the speedy trial right [is] dismissal of the charges.") (citations omitted). So, Plaintiff's speedy trial claim can be brought in federal court only through a habeas corpus petition, not a civil rights complaint. *See Harrison v. Worthy*, No. 2:22-CV-12312, 2022 WL 16951644, at *2 (E.D. Mich. Nov. 15, 2022)

---

[1] Notably, this statute is far more obscure than the statute that usually is being referred to when the topic of speedy trial rights comes up, which is 18 U.S.C. § 3161, a statute dealing with statutory (as opposed to constitutional) speedy trial rights with respect to federal criminal charges in particular.

("Plaintiff's speedy trial challenge to his pending criminal charges can also only be maintained by filing a pre-trial habeas petition pursuant to 28 U.S.C. § 2241." (citing *Thomas v. Pugh*, 9 F. App'x 370, 371–72 (6th Cir. 2001))); *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (noting that speedy trial claims are among the few recognized claims that may be brought in a habeas petition filed by a pretrial detainee in federal court (citing *Atkins v. People of State of Mich.*, 644 F.2d 543, 546–47 (6th Cir. 1981))); *but see Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 645 (6th Cir. 2012) (considering a speedy trial claim in a Section 1983 case filed by a plaintiff who had already filed a successful motion to dismiss his state criminal case on speedy trial grounds). Claim Two, therefore, fails to state a cognizable claim for relief.

The Court notes that pretrial detainees, like Plaintiff, pursue habeas corpus relief in federal court under 28 U.S.C. § 2241. *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). Before gaining consideration of a claim brought in a Section 2241 habeas petition, however, a pretrial detainee "must exhaust all available state court remedies." *Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 810 (6th Cir. 2012) (citation and footnote omitted). For a speedy trial claim, exhaustion requires the detainee to "avail[] himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him." *Atkins*, 644 F.2d at 547. This exhaustion requirement "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.* at 546 (citations omitted).

### 2. TGTLA Claim

Claim One arises under state law. Where the Court dismisses "all claims over which is has original jurisdiction," it has discretion to "decline to exercise supplemental jurisdiction over" state-law claims. 28 U.S.C. § 1367(c)(3). This discretion extends to TGTLA claims. *See Devereux v.*

4

*Knox Cnty., Tennessee*, 15 F.4th 388, 396 (6th Cir. 2021) ("[T]he district court may decline to exercise supplemental jurisdiction over TGTLA cases, leaving it to the Tennessee courts to decide those claims in the first instance."). The Court exercises its discretion to decline supplemental jurisdiction here, so Claim One will be dismissed without prejudice.

## III.    Conclusion

For these reasons, Plaintiff's speedy trial claim is not a viable ground for relief in this case, and the Court declines supplemental jurisdiction over his TGTLA claim. The speedy trial claim will be dismissed with prejudice to the extent it is brought under 42 U.S.C. § 1992; otherwise, dismissal of both claims will be without prejudice. Plaintiff's motion to appoint counsel will be denied as moot.

An appropriate Order will be entered.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

5